IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CARLOS CASTRO and
HORTENCIA CASTRO,

     Plaintiffs,

v.                                          No. 1:16-cv-1320

GEICO GENERAL INSURANCE COMPANY,

     Defendant.

## NOTICE OF REMOVAL

GEICO General Insurance Company (hereinafter "GEICO"), by and through its counsel of record, Chapman and Charlebois, P.C., (Donna L. Chapman and Jessica C. Singer), as to the extra-contractual claims only, hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, and in support thereof, states as follows:

1.    Plaintiffs Carlos Castro and Hortencia Castro ("Plaintiffs") filed their Complaint for Breach of Contract, Bad Faith/ Breach of Fiduciary Duty and to Recover Damages for Personal Injuries from an Uninsured Motorist, Unfair Claims Practices, and Punitive Damages ("Complaint") in the Second Judicial District, Bernalillo County, State of New Mexico, in Cause No. D-202-CV-2016-06662 (hereinafter "State Court Action") on October 25, 2016.  (*See* Plaintiffs' Complaint, attached hereto as Exhibit A).

2.    In their Complaint, Plaintiffs allege they are residents of the State of New Mexico. (*Id.* at ¶ 1, 2).

3.    Plaintiffs named Defendant GEICO, as the only Defendant in Plaintiffs' Complaint.

4.    Defendant asserts GEICO is incorporated and its principal place of business is in the state of Maryland.

5.    Diversity of citizenship is present in this matter as set forth in 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441(b)(2).

6.    Defendant accepted service through the Superintendent of Insurance on November 3, 2016.  (*See* Exhibit B).

7.    Less than thirty (30) days have passed since Defendant accepted service of the initial pleadings on this matter.

8.    As Defendant has accepted service and is the only Defendant served in this matter, 28 U.S.C. § 1446(b)(2)(A) is satisfied.  (*See* Register of Actions for the State Court Action, hereto attached as Exhibit C).

9.    Pursuant to Plaintiffs' allegations, the amount in controversy exceeds $75,000, as set forth in 28 U.S.C. §§ 1441(b)(2).

10.   Pursuant to the allegations in Plaintiffs' Complaint, dated October 25, 2016, the amount in controversy exceeds the jurisdictional amount of $75,000. *See also*, *Hanna v. Miller*, 163 F. Supp. 2d 1302, 1305-06 (D.N.M. 2001). (Complaint, Wherefore Paragraph following Paragraph 23, and the Wherefore paragraph). Plaintiffs' Complaint seeks an award of punitive damages (Complaint ¶38 and the Wherefore paragraph.) While GEICO denies liability to Plaintiffs for compensatory or punitive damages, Plaintiffs' claim for punitive damages, could exceed the jurisdiction threshold for diversity jurisdiction.  Alternatively, Plaintiffs seek an award of treble damages under the Unfair Practices Act.  (Complaint, Wherefore Paragraph following Paragraph 35).  Additionally, Plaintiffs' Complaint seeks an award of attorney's fees pursuant to NMSA 1978, §39-2-1, NMSA §59A-16-20 and NMSA 1978, §57-12-10.  (See Complaint, Wherefore Paragraph following Paragraph 23 and Wherefore Paragraph following Paragraph 35).

11.   To confer subject matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000.00, exclusive of interest and cost. 28 U.S.C. §1332(a). Where a complaint does not contain dispositive allegations of the amount in controversy, the jurisdictional amount is determined by the allegations in the underlying complaint. *See e.g., Laughlin v. Kmart Corp*, 50 p.3d, 871, 873 (10 Cir. 1995). Calculations of the amount in controversy include both compensatory and punitive damages. *See, e.g., Bell v. Preferred Life Assur. Soc'y* 320 U.S. 238, 240 (1943); *Watson v. Blakenship,* 30 F.3d 383, 386 (10 Cir.1994). This calculation also includes attorney's fees. *See Miera v. Dairyland Ins. Co.,* No. 96-0136-M, mem.Op. (D.N.M. Feb. 28, 1996)(denying remand of removed action based on availability of attorney's fees under New Mexico Unfair Claims Practice Act and Unfair Trade Practices Act. *See also 14A Wright v. Miller, Federal Practice and Procedure,* §3712, at 176-78, and authorities cited therein; *Foret v. Souther Farm Bureau Life Ins. Co.,* 918 F. 2d 534, 537 (5 Cir. 1990). The calculation also includes treble damages claims.

12.   In addition to actual damages in this case, Plaintiff is requesting attorney fees and costs, exemplary and punitive damages. Upon information and belief, Plaintiff will likely seek in excess of $50,000 in attorney's fees through the trial of this matter.

13.   This case may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. §§ 1441(b) and 1446.

14.   By and through this Notice of Removal, Defendant removes all claims asserted against it on the basis of diversity jurisdiction, which is conferred upon this Court pursuant to 28 U.S.C. §§ 1332 and 1441.

15.   Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal is being concurrently served upon the Plaintiff on this date.

16.   Pursuant to 28 U.S.C. § 1446(d), Defendant is concurrently filing a Notice of Filing of Removal in the State Court Action, a copy of which is hereto attached as Exhibit D.

17.   In addition to the Notice of Filing Notice of Removal in the State Court Action, Defendant is concurrently filing an Entry of Appearance in the State Court Action on this date, a copy of which is hereto attached as Exhibit E.

18.   Pursuant to 28 U.S.C. § 1446(a) and D.N.M.LR-Civ. 81.1(a), all process, pleadings, and orders from the State Court Action will be filed with this Court in a separate Transmittal of State Court Record within twenty-eight days (28) of this Notice.

19.   A Civil Cover Sheet for this Court is hereto attached as Exhibit F.

**WHEREFORE**, the removing Defendant gives notice the above-styled action, which was pending in the Second Judicial District, Bernalillo County, State of New Mexico, as Cause No. D-202-CV-2016-06662 is removed to this Court.

Respectfully submitted,

**CHAPMAN AND CHARLEBOIS, P.C**


/s/Jessica C. Singer
Donna L. Chapman
Jessica C. Singer
P.O. Box 92438
Albuquerque, NM 87199
505-242-6000
donna@cclawnm.com
jessica@cclawnm.com
*Attorneys for GEICO as to the extra-*
*contractual claims only*

4

I HEREBY CERTIFY that on the 2nd day of December, 2016, I filed the foregoing electronically through CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Brent M. Ferrel
Law Office of Brent M. Ferrel, LLC
P.O. Box 7699
Albuquerque, NM 87194
Bmflawnm@gmail.com
*Attorney for Plaintiffs*

Kathleen M. Mixon
Doughty, Alcaraz & deGraauw, P.A.
20 First Plaza NW, Suite 412
Albuquerque, NM 87102
Kathy@Dadglaw.com
*Attorney for GEICO as to the contractual claims only*


*/s/Jessica C. Singer*
Jessica C. Singer

FILED IN MY OFFICE
DISTRICT COURT CLERK
10/25/2016 2:35:06 PM
James A. Noel
Latoya Grayes

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT          D-202-CV-2016-06662

No._

CARLOS CASTRO, and
HORTENCIA CASTRO
        Plaintiff,
v.

GEICO GENERAL INSURANCE COMPANY,
        Defendant.

**COMPLAINT FOR BREACH OF CONTRACT, BAD FAITH/BREACH OF FIDUCIARY DUTY AND TO RECOVER DAMAGES FOR PERSONAL INJURIES FROM AN UNINSURED MOTORIST  UNFAIR CLAIMS PRACTICES AND PUNITIVE DAMAGES**

**COMES NOW**, the Plaintiffs, by and through their attorney of record, Law Office of Brent M. Ferrel, LLC., (Brent M. Ferrel, Esq.) and for his causes of action states the following:

**PARTIES & VENUE**

1. Carlos Castro, is a resident of Bernalillo County, New Mexico.

2. Hortencia Castro, is a resident of Bernalillo County, New Mexico.

3. Upon information and belief Defendant Geico General Insurance Company (herein after "Geico") is a foreign corporation of insurance authorized to do business and doing business within the State of New Mexico and can be found in and is physical present through its statutory agent in Santa Fe County New Mexico.

4.  Geico, can be served through the Superintendent of Insurance with the New Mexico Insurance Division



EXHIBIT
A

5.  Defendant Geico did business in the state of New Mexico by issuing and delivering to Plaintiffs a policy of insurance and by attempting to "adjust" Plaintiffs' claims under the policy.

6.  Jurisdiction and venue are proper within this court as the amount in controversy does not exceed the diversity jurisdiction threshold.

## STATEMENT OF FACTS

7.  Geico had issued a policy of insurance that covered The Plaintiffs that was in force at all relevant times, which included a promise by Geico to pay up to the limits of the policy that an insured person is legally entitled to recover from the owner operator of an uninsured vehicle because of bodily injury sustained by an insured person.

8.  Despite law within the State of New Mexico to the contrary dealing with a collateral source Geico has attempted to obtain an offset for medical payments coverage paid out on behalf of their insured The Plaintiffs

9.  On or about September 9, 2015, Mr. Castro was driving  with Plaintiff Hortencia Castro as a passenger West on Central Blvd in Albuquerque, Bernalillo County, New Mexico, when an uninsured motorist rear ended the vehicle in which they were traveling and then fled the scene of the collision. As a direct and proximate result of the negligence of the uninsured motorist Plaintiffs suffered damages to include but not limited to:  physical injuries, pain and suffering, loss of enjoyment of life, loss of household services and other damages not presently determinable but to be proven at time of trial.

10. Geico issued a policy covering the Plaintiffs for damages and injuries caused by an uninsured motorist, that was in effect at the time of the incident. Plaintiffs also had in effect at the time of the subject accident an additional policy for medical payment

2

coverage. Under the terms of this coverage Geico reserved the right to make subrogation claims against a third party recovery but not against a first party recovery. Despite having a fiduciary duty to the contrary Geico has attempted to offset one portion of recovery under the uninsured motorist coverage against the medical payments coverage rather than treating the Med Pay coverage as a collateral source recovery. Thereby offering to settle claims for a lower and unreasonable amount forcing the Plaintiffs to institute litigation in this matter.

11. All of the information necessary to realize that Plaintiffs were entitled to damages under the Uninsured Motorist coverage greater than what Geico has thus far offered is in the possession of Geico.

12. Such information provided to Geico included: the medical records and bills diagnosing the Castros with accident related injuries, the property damage estimates showing the amount of damage to the Plaintiffs' vehicle and other documents.

13. Despite all of this evidence Geico has impermissibly failed in good faith to effectuate prompt, fair and equitable settlements of Plaintiffs' claims in which liability has become reasonably clear;

14. Geico is in effect compelling Plaintiffs to institute litigation to recover amounts due under the policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds when such insureds have made claims for amounts reasonably similar to amounts ultimately recovered

### FIRST CAUSE OF ACTION
### PERSONAL INJURY/NEGLIGENCE UNDERINSURED MOTORIST

15. Plaintiffs incorporate by reference as fully set forth herein each and every allegation contained in the preceding paragraphs of this Complaint.

16. On or about September 9, 2015 the Plaintiffs were involved in a motor vehicle collision where the uninsured motorist negligently failed to keep a proper distance, keep a proper lookout, and failed to avoid vehicle contact and collided with the Plaintiffs' vehicle proximately causing injuries and damages to the Plaintiffs all in an amount not presently determinable but to be proven at time of trial.

17. Under the terms of the policy the tortfeasor was an "uninsured motorist" making Geico Liable for the injuries and damages of the Plaintiffs

**SECOND CAUSE OF ACTION**
**BREACH OF CONTRACT**

18. Plaintiffs incorporate by reference as fully set forth herein each and every allegation contained in the preceding paragraphs of this Complaint.

19. The Insurance Defendants, and their employees and agents, entered into a fiduciary relationship with Plaintiffs.  The Insurance Defendant had and have duties to use the skill, care, and knowledge of their claims representatives and underwriters in evaluating and investigating claims made by their insureds in a prompt and thorough manner.

20. The insurance policy requires these Defendants to honor their obligations under the subject policy.

21. The Insurance Defendants either intentionally or, in the alternative, negligently, breached the insurance policy contractual provisions by failing to honor Plaintiffs' request for a prompt and reasonable settlement of their claims under the uninsured motorist policy.

22. Defendant Geico has attempted to offset payments of additional coverage purchased by the plaintiffs for the sole purpose of placing the Plaintiffs in a better position as far as

4

medical expenses should he be involved in a collision in order to justify an unreasonable offer which is substantially less than the amounts ultimately recovered in actions brought by such insureds when such insureds have made claims for amounts reasonably similar to amounts ultimately recovered

23. Defendant, Geico and its employees by failing to pay within a reasonable period of time an equitable amount and by attempting to offset a collateral source payment of part of the Plaintiff's damages have breached their duties under its policy of insurance and are therefore in breach of their contract with the Plaintiffs.

WHEREFORE, Plaintiffs pray for judgment on their behalf against the defendant Geico, in an amount to be determined, for bodily injury, pain, suffering, nature extent and duration of injuries, including disfigurement, reasonable past and future medical expenses, and non-medical expenses, for punitive damages, and any other damages the uninsured motorist would have been required to pay and, for damages for the defendant's breach of contract, bad faith dealings, attorney's fees pre and post judgment interest and for such other and further relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION
## UNFAIR CLAIMS PRACTICES

24. Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

25. Defendant Geico had a duty to act fairly and in good faith in honoring the contract of insurance with the plaintiffs and in handling the plaintiffs' claims.

26. Defendant Geico also have a duty under the New Mexico Unfair Claims Practices Act [N.M. Sta. §59A-16-20] to handle Plaintiffs' claims consistent with that Act.

27. Plaintiffs' has made a demand upon Defendant Geico by submitting proof of loss information, which complied in all respects with the policies' requirements

28. Defendants Geico has failed to timely pay Plaintiffs' claims or to suggest any reasonable alternative amount.

29. Defendants Geico has a duty under their policies of insurance to effectuate a prompt, fair and equitable settlement with the plaintiffs under their policies of insurance with the Defendant.

30. Defendant Geico has breached their duties of good faith and fair dealings and their duties under New Mexico's Unfair Claims Practices Act as mentioned previously in this complaint.

31. As a result of Defendant Geico's violations of its duties, Plaintiffs have suffered unnecessary economic hardship and been compelled to litigation.

32. Defendant Geico has an implied duty to deal in good faith with its insureds, including Plaintiffs.

33. Upon information and belief, Defendant Geico has breached its duties under the Act by failing to adopt and implement reasonable standards for the prompt investigation and processing of insurance claims, and failing or refusing to attempt in good faith to effectuate prompt, fair and equitable settlement of the Plaintiffs' claims, in which liability was clear.

34. Upon information and belief, Defendants Geico also violated its duties by failing to settle Plaintiffs' claim promptly where liability had become clear under one portion of the policies in order to influence settlement under other portions of the policy coverage.

35. Defendant Geico's unreasonable delay in addressing Plaintiffs' insurance claims and its impermissible consideration of collateral source payments to reduce the amount of their offers demonstrates a conscious disregard of the Plaintiffs' rights.

WHEREFORE, Plaintiffs pray for the following relief: For judgment in their favor against Defendant Geico, for treble damages attorney's fees costs interest and other damages in an amount to be proved at trial together with punitive damages or exemplary damages pre-judgment and post-judgment interest and costs and for such further relief this Court deems just and proper.

## THIRD CAUSE OF ACTION
## PUNITIVE DAMAGES

36. Plaintiffs hereby re-allege and incorporates each of the foregoing paragraphs as if contained fully herein.

37. The acts and omissions of Defendants Geico in its unreasonable dealings with Plaintiffs' insurance claims and other actions demonstrates a conscious disregard of the Plaintiffs' Rights.

38. These acts were committed with utter and total disregard for the rights of the Plaintiffs and were willful, wanton, reckless thus entitling Plaintiffs to an award of punitive damages in an amount to be determined by the trier of fact.

WHEREFORE, Plaintiffs pray for award of punitive damages in an amount to be determined by the trier of fact.

Respectfully submitted,
Law Office of Brent M. Ferrel, LLC.

/S/ Brent M. Ferrel, Esq.
Brent M. Ferrel, Esq.
PO Box 7699
Albuquerque, NM 87194
Office:  (505) 503-6330
Facsimile: (505) 501-7551
Email: bmflawnm@gmail.com

7

*Attorney For The Plaintiff*

STATE OF NEW MEXICO
**OFFICE OF SUPERINTENDENT OF INSURANCE**
Mailing Address: P.O. Box 1689, Santa Fe, NM 87504-1689
Physical Address: 1120 Paseo de Peralta, Room 428, Santa Fe, NM 87501
Main Phone: (505) 827-4601; Main Fax (505) 827-4734; Toll Free: 1-855-4-ASK-OSI
www.osi.state.nm.us

| | | |
|---|---|---|
| **SUPERINTENDENT OF INSURANCE** | | **Service of Process** |
| John G. Franchini – (505) 827-4299 | | Room 432 |
| | | (505) 827-4241 |

**DEPUTY SUPERINTENDENT**
Robert Doucette – (505) 827-4439



November 3, 2016

GEICO General Insurance Co.
Legal Dept. – Matthew J Zuraw
2280 North Greenville Ave
Richardson, TX 75082

Re: Carlos Castro, and Hortencia Castro Vs GEICO General Insurance Company,
D202CV2016-06662

Dear Mr. President:

In accordance with the provisions of NMSA 1978, Sections 59A-5-31 & 59A-32, enclosed is a copy of a Summons, Plaintiff's Certification Regarding Arbitration Under Rule LR2-603and Complaint for Breach of Contract, Bad Faith/Breach of Fiduciary Duty and to Recover Damages for Personal Injuries from an Uninsured Motorist Unfair Claims Practices and Punitive Damages, to Defendant GEICO General Insurance Company on the above styled cause, Service has been accepted on your behalf as of November 3, 2016.

Respectfully,

John G. Franchini, Superintendent

Enclosure
CERTIFIED MAIL 70112 3460 0003 1668 5321

**EXHIBIT**
**B**

Skip to Main Content  Logout  My Account  Search Menu  New Civil Probate Family Search  Refine Search  Back        Location : Bernalillo County    Images  Help

# REGISTER OF ACTIONS
## CASE NO. D-202-CV-2016-06662

| | | | | |
|---|---|---|---|---|
| Carlos Castro, et al., v. Geico General Insurance Company | § § § § § § | | Case Type: | **Tort Auto** |
| | | | Date Filed: | **10/25/2016** |
| | | | Location: | **Bernalillo County** |
| | | | Judicial Officer: | **Malott, Alan** |

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant** | **Geico General Insurance Company** | |
| **Plaintiff** | **Castro, Carlos** | **Brent M. Ferrel** |
| | | *Retained* |
| | | 505-503-6330(W) |
| **Plaintiff** | **Castro, Hortencia** | **Brent M. Ferrel** |
| | | *Retained* |
| | | 505-503-6330(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 10/25/2016 | OPN: COMPLAINT |
| 10/25/2016 | ARB: CERT NOT SUBJECT |
| 10/27/2016 | **Summons** |
| | Geico General Insurance Company     Unserved |

---

### FINANCIAL INFORMATION

| | | |
|---|---|---|
| **Plaintiff** Castro, Carlos | | |
| Total Financial Assessment | | 132.00 |
| Total Payments and Credits | | 132.00 |
| **Balance Due as of 11/29/2016** | | **0.00** |

| | | | |
|---|---|---|---|
| 10/25/2016 | Transaction Assessment | | 132.00 |
| 10/25/2016 | File & Serve Payment    Receipt # ALBD-2016-29558 | Castro, Carlos | (132.00) |

EXHIBIT

tabbies®   C

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

**CARLOS CASTRO, and**
**HORTENCI CASTRO,**

        **Plaintiffs,**

**v.**                                   No. D-202-CV-2016-06662

**GEICO GENERAL INSURANCE COMPANY,**

        **Defendant.**

### NOTICE OF FILING OF REMOVAL

    PLEASE TAKE NOTICE that GEICO General Insurance Company (hereinafter "GEICO"), by and through its attorneys Chapman and Charlebois, P.C. (Donna L. Chapman and Jessica C. Singer), has filed a Notice of Removal in the United States District Court for the District of New Mexico. A true and correct copy of the Notice of Removal, attached to this Notice as Exhibit "1" was sent via email to:

Brent M. Ferrel
Law Office of Brent M. Ferrel
P. O. Box 7699
Albuquerque, NM 87194
Bmflawnm.@gmail.com
*Attorney for Plaintiff*

                          Respectfully submitted,

                          CHAPMAN AND CHARLEBOIS, P.C.

                          Donna L. Chapman
                          Jessica C. Singer
                          P.O. Box 92438
                          Albuquerque, NM 87199
                          Tel: (505) 242-6000
                          donna@cclawnm.com
                          jessica@cclawnm.com
                          *Attorneys for GEICO*



EXHIBIT

I hereby certify the foregoing was served
on the following counsel of record via the
Odyssey File & Serve system on this 2nd
day of December, 2016:

Brent M. Ferrel
Law Office of Brent M. Ferrel
P.O. Box 7699
Albuquerque, NM 87194
Bmflawnm.@gmail.com
*Attorney for Plaintiff*

Jessica C. Singer

2

**STATE OF NEW MEXICO**
**COUNTY OF BERNALILLO**
**SECOND JUDICIAL DISTRICT**

**CARLOS CASTRO, and**
**HORTENCI CASTRO,**

      **Plaintiffs,**

**v.**                        **No. D-202-CV-2016-06662**

**GEICO GENERAL INSURANCE COMPANY,**

      **Defendant.**

<u>**ENTRY OF APPEARANCE**</u>

    Chapman and Charlebois, P.C. (Donna L. Chapman and Jessica C. Singer), hereby enter their appearance on behalf of Defendant GEICO General Insurance Company. Copies of all documents pertaining to litigation in this matter should be sent to the undersigned attorneys.

                    Respectfully submitted,

                    CHAPMAN AND CHARLEBOIS, P.C.

                    Donna L. Chapman
                    Jessica C. Singer
                    P.O. Box 92438
                    Albuquerque, NM  87199
                    505-242-6000
                    donna@cclawnm.com
                    jessica@cclawnm.com
                    *Attorneys for GEICO*



EXHIBIT

E

I hereby certify the foregoing was served
on the following counsel of record via the
Odyssey File & Serve system on this 2
day of December, 2016:

Brent M. Ferrel
Law Office of Brent M. Ferrel
P.O. Box 7699
Albuquerque, NM 87194
Bmflawnm.@gmail.com
*Attorney for Plaintiff*

Jessica C. Singer

2

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
CARLOS CASTRO, and
HORTENCIA CASTRO

**(b)** County of Residence of First Listed Plaintiff   BERNALILLO
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
BRENT M. FERREL, LAW OFFICE OF BRENT M. FERREL
P.O. BOX 7699
ALBUQUERQUE, NM 87194   (505) 503-6330

## DEFENDANTS
GEICO GENERAL INSURANCE COMPANY

County of Residence of First Listed Defendant   MONTGOMERY (MD)
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
DONNA L. CHAPMAN AND JESSICA C. SINGER
CHAPMAN AND CHARLEBOIS, P.C.   P.O. BOX 92438
ALBUQUERQUE, NM 87109   505-242-6000

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question *(U.S. Government Not a Party)*
☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice<br><br>**PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW 405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions |  |

EXHIBIT 1

## V. ORIGIN *(Place an "X" in One Box Only)*
☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332 (a) and 1441(b)
Brief description of cause:
Personal Injury UM/UIM

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**
RECEIPT # ____   AMOUNT ____   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____